**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **SHYNGGYS MAKHANBETOV,** | ) |
| | ) |
| **Petitioner,** | ) |
| | )    **No. 3:26-cv-00372** |
| **v.** | ) |
| | ) |
| **U.S. DEPARTMENT OF HOMELAND** | ) |
| **SECURITY,** *et al.,* | ) |
| | ) |
| **Respondents.** | ) |

## ORDER

Shynuggys Makhanbetov has filed a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. No. 1). He seeks "immediate removal of an ankle monitor imposed without legal authority" after he was detained on February 12, 2026, at his workplace (and later granted release on bond) with regard to his immigration status. (Id. at 1). Petitioner has paid the filing fee. (Doc. No. 7).

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the Unites States[.]" The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241, such as this one. See Williams v. Holloway, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016). Custody is not limited to physical imprisonment. A court may afford habeas relief to an individual, who is subject to "restraints not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963); see also Munoz v. Smith, 17 F.4th 1237, 1241 (9th Cir. 2021) (quoting Jones, 371 U.S. at 242, and holding that custody "encompass[es] circumstances in which the state has imposed 'significant restraints on [a] petitioner's liberty'"); Nowakowski v. New York, 835 F.3d 210, 217 (2d Cir. 2016) (quoting Jones, 371 U.S. at 240, and explaining that

1

restrictions that "require [petitioner's] physical presence at particular times and locations, both for community service and court appearances," and which "carry with them the potential for future adverse consequences during the term of the sentence, including arrest for noncompliance and modification or revocation of the conditional discharge" constitute custody because such restrictions are "'not shared by the public generally'").

Makhanbetov may remain in custody due to the intensive supervision measures to which he is subjected, namely ankle monitoring. See A.B.D. v. Wamsley, No. 6:25-cv-02014-AA, 2026 WL 178306, at *8 (D. Or. Jan. 22, 2026) (finding that petitioners could seek and be granted habeas relief from the ongoing restraints on their liberty where respondents continued to maintain control of petitioners, who were released from their imprisonment with ankle monitors and were subject to "intensive supervision" and monitoring measures which carried with them the potential for future adverse consequences for noncompliance, thus subjecting them to restraints not shared by the public generally). However, more information is needed.

No later than 30 days after the date of entry of this Order, Petitioner **MUST** provide the Court, in writing, with the name of the court, judge, Immigration and Customs Enforcement ("ICE") deportation officer, or other individual or entity responsible for placing the ankle monitor on Petitioner. If Petitioner possesses any paperwork in connection with the placement of the ankle monitor, he is encouraged to submit a copy of that paperwork to the Court by the same deadline.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

2